UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PENELOPE DIMSON, § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 26-CV-0442 |
| § | |
| USCIS, § | |
| *Respondent*. § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner, proceeding pro se, filed a Petition for Writ of Mandamus seeking an Order directing Respondent to adjudicate her Form I-765 application before February 3, 2026.[1] ECF 1. Petitioner's initial Motion for a TRO was denied because she did not comply with Rule 65(b)(1)(B) by certifying her efforts to notify Respondent. ECF 9. Now before the Court is Petitioner's Motion for Reconsideration of her Motion for TRO, to which Respondent has filed an expedited Response. ECF 10; ECF 13. Having considered the parties' submissions and arguments at a Zoom hearing on the record on January 30, 2026, the Court finds that this Court lack jurisdiction and thus recommends that Petitioner's Motion for a TRO be denied.

## I. Background

Petitioner brought this lawsuit under the Administrative Procedure Act (APA) and the Mandamus Act to compel USCIS to adjudicate her Form I-765 application for

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 11.

1

employment authorization (EAD), which has been pending since August 2025. ECF 1. Petitioner alleges that her previous employer, the Richmond State Supported Living Center (RSSLC), is at risk of closure due to its inability to meet federal staffing ratios without her. *Id.* at 4.

## II.   TRO and Mandamus Standards

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, an applicant must satisfy the following four elements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury; (3) the threatened injury outweighs any harm the order might cause to the defendant; and (4) the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

While a TRO generally merely preserves the status quo, a mandatory injunction "seeks to alter the status quo" and "mandates that defendants take some action inconsistent with the status quo." *Texas v. Ysleta del Sur Pueblo*, No. 3:17-CV-00179, 2018 WL 1566866, at *9 (W.D. Tex. Mar. 29, 2018). A party seeking a mandatory injunction "bears the burden of showing a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Sec., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990) (emphasis added).

To obtain a writ of mandamus, a party must show that there is (1) "clear right to

relief," (2) that the respondent has a "clear duty to act", and (3) "no other adequate remedy exists." *See Mendoza- Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020). Mandamus is an extraordinary remedy, only appropriate "when the [petitioner's] 'claim is clear and certain, and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt.'" *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992).

### III. Analysis

The law is clear that this Court lacks jurisdiction to approve, or deny, Petitioner's application for employment authorization. *Villafranca v. Cowan*, No. CV B-18-39, 2018 WL 8665002, at *10 (S.D. Tex. July 3, 2018) (holding that the decision to grant or deny EAD is committed to the unfettered discretion of the agency, precluding court jurisdiction to review the agency's decision), *report and recommendation adopted*, No. 1:18-CV-039, 2018 WL 8665000 (S.D. Tex. Aug. 16, 2018).

Under the APA §706(1), courts have jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). However, § 706(1) grants jurisdiction only "where a plaintiff asserts that an agency [1] failed to take a discrete agency action that [2] it is required to take." *Li v. Jaddou*, No. 22-50756, 2023 WL 3431237, at *1 (5th Cir. May 12, 2023) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." *Id.* (citing *Fort Bend Cnty. v. United States Army Corps of Engineers*, 59 F.4th 180, 197 (5th Cir. 2023)); *Cheejati v. Blinken*, 106 F.4th 388,

3

396 (5th Cir. 2024) (same). "[W]hen a statute or binding regulation mandates no 'certain timeframe' within which USCIS must act the Court has no jurisdiction under APA Section 706(1)." *D'Cruz v. United States Citizenship & Immigr. Servs.*, No. CV H-24-340, 2024 WL 4523307, at *2 (S.D. Tex. Oct. 9, 2024) (citations omitted).

While APA § 555(b) states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it," this statute does not impose a mandatory deadline on USCIS action. *See Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3 (D.C. Cir. July 24, 2024) (holding that § 555(b) "simply expresses 'a congressional view that agencies should act within reasonable time frames" and does not define and place any clear legal duties on agency officers, (quoting *Telecommunications Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984))).

Here, no clear statutory mandate requires USCIS to make a decision on Petitioner's EAD within a certain period of time. Because neither the APA nor the Mandamus Act confers jurisdiction on this Court to grant the relief Petitioner is seeking, she cannot show a likelihood of success on the merits of her Petition for Writ of Mandamus as required to obtain a TRO. *See Enrique Bernat F., S.A.*, 210 F.3d at 442 (stating required elements to grant TRO). Because the Court lacks jurisdiction on this basis, the Court does not address Respondent's arguments regarding Article III standing.

### IV. Conclusion and Recommendation

For the reasons set forth above and on the record at the January 30, 2026 hearing, the Court recommends that Petitioner's Motion for TRO (ECF 10) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 30, 2026, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge
